UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV506-V-1
(3:96CR158-V)

| | |
|---|---|
| **STEVEN L. SWINT,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed November 30, 2007.

On January 21, 1997, Petitioner entered a guilty plea to two counts of armed bank robbery in violation of 18 U.S.C. § 2113(d) and one count of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). On October 3, 1997, this Court sentenced Petitioner to 188 months imprisonment on the bank robbery charges with a 60 month consecutive sentence for the gun violation. On or about August 28, 1998, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence. On December 14, 1998, the United States Supreme Court denied Petitioner's certiorari petition. On November 30, 2007, Petitioner filed the instant Motion to Vacate challenging his sentence.

In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a 1-

year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the record is clear that Petitioner's conviction became final in December 1998 – the date on which the United States Supreme Court denied Petitioner's petition for writ of certiorari. Petitioner filed the instant Motion to Vacate almost nine years later on November 30, 2007. It thus appears to the Court that Petitioner's Motion to Vacate is untimely.

In Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the Fourth Circuit held that "when a federal habeas court, prior to trial, perceives a pro se §2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to §2244(d) absent a sufficient explanation . . . ." Hill's notice requirement extends to § 2255 motions. Although there yet is no published Fourth Circuit case which specifically extends Hill to cases brought under § 2255, the undersigned is aware of several unpublished cases

2

from within this Circuit which tend to suggest that such an extension would be adopted by the Fourth Circuit. See also United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) (acknowledging Hill notice requirement in § 2255 case where neither party contested its application).

Accordingly, this Court now shall give Petitioner 20 days in which to file a document, explaining why his Motion to Vacate should be deemed timely filed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED that:**

1. Within twenty (20) days of the filing of this Order, Petitioner shall file a document, explaining why he believes his Motion to Vacate should be deemed timely filed; and

2. The Clerk shall send copies of this Order to Petitioner, and to counsel for the United States.

Signed: December 4, 2007

Richard L. Voorhees
United States District Judge